## John Vanhouser v. The State.

No. 4015.   Decided February 19, 1908.

**1.—Using Abusive Language—Charge of Court—Impeachment.**

Where upon trial for using abusive language, ets., testimony was admitted to impeach defendant with reference to certain declarations he was alleged to have made, and which he denied, the court should have charged that (if this testimony was admissible at all), it was as a matter of impeachment, and should thus be limited; and where defendant requested a charge to this effect, which was refused, there was reversible error.

**2.—Same—Evidence Must Be Confined to Issue.**

Upon trial for using abusive language, etc., the evidence should be restricted to the issues arising on the charge against the defendant.

Appeal from the County Court of Jack. Tried below before the Hon. Sil Stark.

Appeal from a conviction of using abusive language; penalty, a fine of $5.

The opinion states the case.

*Nicholson & Fitzgerald,* for appellant.—Upon question of limiting impeaching testimony, cited cases in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged by information, filed in the county court of Jack County, with using abusive language to and concerning one Vina Calihan.

The record shows that Calihan had rented a farm belonging to appellant, and was residing with his wife in the house on said farm, where appellant had previously resided. During Calihan's occupancy of the house appellant married again, and had come there with his wife for the purpose of obtaining certain household goods and wearing apparel stored in a room therein, which he had reserved for that purpose. While he was there Vester Vanhouser came on the premises and he and Jesse Calihan, as well as Vina Calihan (his wife) became engaged in a combat, in the course of which a general fight ensued. Soon after the termination of the hostilities, it is stated by the witness, Vina Calihan, that appellant shook his fist in her face and said to her, in effect, "What are you acting a God damned fool about this place for any way?" The record is full of the details of the fight and contains many references to it. Appellant was a witness in his own behalf. While upon the stand he was asked, if he had not stated a short time before the trial in Jacksboro, to the witness Clendennon, that "We went down to Calihan's on that day to whip him, and if he had not run he would have got the wadding beat out of him." This testimony was objected to, for the reason that it sought to lay a predicate to impeach the witness on an immaterial issue; and, further, because it tended to and did prejudice the defendant before the jury. The questions were permitted to be answered, and appellant having denied making such statements, the witness, Clendennon was produced, who testified, over like objections of appellant, but he did state to him (Clendennon) that they had gone down to Calihan's place to whip him, and if he had not run he would have got the wadding beat out of him. The court charged the jury that, if they believed appellant used the abusive language under circumstances reasonably calculated to provoke a breach of the peace they would find him guilty. There was no other matter included in the charge except a statement of the offense which appellant was charged with, and an instruction in respect to reasonable doubt, and that the jury were the exclusive judges of the facts proved, of the credibility of the witness, etc.

In this state of the case, counsel for appellant requested the following special charge: "You are instructed that the testimony of Clendennon as to a conversation with John Vanhouser, about going to the premises for the purpose of whipping Jess Calihan was admitted for the purpose of impeaching defendant, if in your opinion it does impeach him, and for no other purpose, and you will not consider it for any other purpose." It may well be doubted whether the testimony above referred to was admissible under the facts for any purpose. If it can be said it was admissible as a matter of impeachment, then it must necessarily follow that on request, such impeaching testimony should be limited and restricted to that purpose and that alone. This is well settled in this State. See Branch v. State, 15 Texas Crim. App., 96; Exon v. State,

33 Texas Crim. Rep., 461; Owens v. State, 35 Texas Crim. Rep., 345; and Finley v. State, 47 S. W. Rep., 1015.

There are many other questions raised in the record. In view of another trial we cannot forbear to suggest to the court that to the utmost extent practicable the evidence should be restricted to the issues arising on the charge made against appellant, and that other collateral and incidental matters should as far as practical be eliminated.

The judgment of the court below is reversed and the cause is remanded.

*Reversed and remanded.*